UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TERRY TRIPP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00468-JMS-MJD |
| | ) | |
| BRIAN SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Terry Tripp for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 17-08-0157. For the reasons explained in this Entry, Mr. Tripp's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On August 9, 2017, Correctional Officer Laloux issued a Report of Conduct charging Mr. Tripp with a violation of Code B-215 for unauthorized possession of state property. The Report of Conduct states:

> ON 8-09-17 AT APPROX 1455PM I OFFICER B. LALOUX #40 WHILE DOING A PROPERTY SEARCH OF OFFENDER TRIPP, TERRY #103679 BED AREA(11SD-39D) DID FIND IN HIS PROPERTY BOX A BOOK TITLED "PRISONERS' SELF-HELP LITIGATION MANUEL". [sic] OFFENDER TRIPP IS UNAUTHORIZED TO POSSESS THIS ARTIC[LE] AS IT BELONGS TO THE LAW LIBRARY. OFFENDER TRIPP WAS IDENTIFIED BY HIS STATE ISSUED ID, GIVEN A CONFISCATION SLIP, AND ADVISED OF HIS CONDUCT REPORT.

Dkt. 10-1. Mr. Tripp was notified of the charge on August 14, 2017, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Dkt. 10-2. The Screening Officer noted that Mr. Tripp requested statements from Ms. Burrows and Mr. Williams. *Id.* The Screening Officer also noted that he requested the photo copy of the book. *Id.*

Ms. Burrows submitted a statement that provides, "The book was made prior to me working in there. I never gave permission to Tripp or any other offender to possess the book outside of the Law Library. Offenders are only permitted to have this book while in the Law Library." Dkt. 10-3. (capitalization modified). When asked if it was a photo copy and if it was made by Burrows for Mr. Tripp, Mr. Williams replied, "The binder copy of the original book is made for every offender [to] use while in Law Library. We do not make binder books to sell to offenders." Dkt. 10-4. (capitalization modified).

The Hearing Officer conducted a disciplinary hearing on August 18, 2017. Dkt. 10-9. The Hearing Officer noted that Mr. Tripp "request[ed] 353 – unauth[orized] poss[ession] of property.

Going home in 60 days. Was given book by another offender who worked there previously. Had book for months." *Id.*

The Hearing Officer determined that Mr. Tripp had violated Code B-215 after considering the staff reports, the statement of the offender, and the evidence from the witnesses. *Id.* The sanctions imposed included a written reprimand, a restriction of J Pay privileges, and the deprivation of 90 days of earned credit time. *Id.*

Mr. Tripp appealed to the Facility Head and the Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

Mr. Tripp alleges that his due process rights were violated in the disciplinary proceeding. His claims are: 1) he was denied requested evidence without explanation; 2) the Hearing Officer failed to provide an explanation of the evidence relied upon; 3) the sanctions imposed were excessive; and 4) he was retaliated against.

Mr. Tripp first argues that during screening he asked for a copy of the photocopied book but the book was not part of the evidence presented during the hearing. *See* Screening Report, dkt. 10-2. There is no indication on the Screening Report or in the Hearing Officer's decision why the book was not made part of the record. Inmates are entitled to the disclosure of "all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011) (internal quotation omitted). Here, Mr. Tripp alleges that he wanted to present the book at the hearing to prove that it was a copy and to show that he had paid for it.

The respondent responds that it is undisputed that the book that was found in Mr. Tripp's cell was a copy. As part of the return to show cause, the respondent has provided a list of Mr. Tripp's Putnamville Law Library Purchase History Report, which indicates that on May 5, 2017, he paid $70.40 for 704 copies. Dkt. 10-5. Mr. Tripp asserts that the book was 700 pages and he had attempted to obtain that payment information prior to the hearing but was unsuccessful. There is no record that this information was taken into consideration during the hearing. The fact that Mr. Tripp paid for the copy of the book, however, does not appear to be exculpatory because Ms. Burrows stated that she "never gave permission to Tripp or any other offender to possess the book outside of the law library. Offenders are only permitted to have this book while in the law library." Dkt. 10-3. The Court also notes that the Hearing Officer noted that Mr. Tripp said during the hearing that the book had been "given" to him by another offender who had worked at the library before Ms. Burrows worked there. Dkt. 10-9. This alleged statement conflicts with Mr. Tripp's assertion that he paid for the book, but the Court puts little stock in this discrepancy because Mr. Tripp's current defense that he paid for the book and the purchase history report are consistent. More importantly, because there has been no showing that having the copy of the book at the hearing would have changed the outcome of the hearing, the failure to allow Mr. Tripp to present the book amounts to harmless error. *Jones,* 637 F.3d at 846 (when an inmate suffered no prejudice, "any conceivable due process violation was harmless.").

Mr. Tripp's claim that the Hearing Officer failed to provide a statement of the evidence on which she relied is not supported by the record. The evidence relied on is indicated on the Hearing Officer's report. That evidence included the staff reports, statement of offender, and evidence from witnesses. Dkt. 10-9. The Hearing Officer stated that she found that the conduct supported a Code 215 violation for unauthorized possession. *Id.* This explanation was sufficient.

Mr. Tripp's claim that the sanction was excessive and did not comply with progressive discipline invokes Indiana Department of Correction ("IDOC") policy regarding the proper range of sanctions for various rule violations. Not only does the respondent point out that the sanctions imposed fell within the allowable range pursuant to IDOC policy, but such a claim is not cognizable under federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue,* 2008 WL 822255, 271 Fed. Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). Thus, this claim lacks merit.

Mr. Tripp's final claim is that the Report of Conduct was written in retaliation for him having filed grievances against prison officials. This claim is rejected because the due process procedures that govern disciplinary hearings provide sufficient safeguards to protect against retaliation. When the procedures mandated by due process are satisfied (as they were in this case) then allegations that the Report of Conduct at issue was a result of retaliation cannot succeed. "[A]s long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." *McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999) ("even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process"). Because the proper procedures were provided in this case, Mr. Tripp "has no viable constitutional claim." *Id.*

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Tripp to the relief he seeks. Accordingly, Mr. Tripp's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/23/2018

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TERRY TRIPP
173 BALMORAL WAY
APT. 19G
GREENWOOD, IN 46143

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov